IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NDTI, INC. and NATIONAL DRIVER TRAINING, INC. (each d/b/a NATIONAL DRIVER TRAINING), <br> Plaintiffs, <br><br> v. <br><br> NATIONAL DRIVER TRAINING SCHOOL, INC. and NATIONAL DRIVER TRAINING SCHOOL OF CANTON, INC., <br> Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:23-cv-182 |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR INJUNCTION AND DAMAGES**

Plaintiffs, NDTI, Inc. and National Driver Training, Inc., each d/b/a NATIONAL DRIVER TRAINING (collectively, "**Plaintiff**" or "**National Driver Training**"), file this Original Complaint against Defendants, National Driver Training School, Inc. and National Driver Training School of Canton, Inc. (collectively and individually as applicable, "**Defendant**" or "**School**"), and for cause of action would show the Court as follows:

**Nature of Action**

This is an action for trademark infringement and dilution of National Driver Training's federally registered trademarks NATIONAL DRIVER TRAINING, NATIONAL DRIVER TRAINING & Design, and NATIONAL DRIVER TRAINING INSTITUTE. This is also an action for unfair competition. The actions of infringement and dilution of trademarks, and unfair competition, arise under the laws of the United States and the State of Texas.

**I. PARTIES**

1.  Plaintiff NDTI, Inc. dba NATIONAL DRIVER TRAINING is a Texas corporation

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                        1

which maintains its principal place of business at 1901 RR 620 North, Lakeway, Texas 78734-2610.

2.  Plaintiff National Driver Training, Inc. dba NATIONAL DRIVER TRAINING is a Colorado corporation which maintains its principal place of business at 1901 RR 620 North, Lakeway, Texas 78734-2610.

3.  On information and belief, Defendant National Driver Training School, Inc. is an Ohio corporation with its registered address at 34805 Bridle Trail, Solon, Ohio 44139, and may be served through its registered agent, Nancy E. Ralls, at such address.

4.  On information and belief, Defendant National Driver Training School of Canton, Inc. is an Ohio corporation with its registered address at 34805 Bridle Trail, Solon, Ohio 44139, and may be served through its registered agent, Nancy E. Ralls, at such address.

## II. JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. §1121, and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

6.  This Court has personal jurisdiction over Defendant because they are purposefully and intentionally availing themselves of the privileges of doing business in the State of Texas, including in this District. Among other things, (i) Defendant, directly or through subsidiaries or intermediaries (including distributors, retailers and others), has advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, including through its web site (nationaldrivertrainingohio.com), infringing goods and services to customers and/or

potential customers, including in the State of Texas and this District, (ii) Defendant's tortious acts giving rise to this lawsuit and harm to Plaintiff have occurred and are occurring in the State of Texas, including in this District, (iii) on information and belief, Defendant acted with knowledge that their unauthorized use of Plaintiff's proprietary rights would cause harm to Plaintiff in the State of Texas and in this District, (iv) on information and belief, Defendant's customers and/or potential customers reside in the State of Texas, including in this District, and (v) Defendant does not limit or restrict sales or offers for sale of the infringing goods and services in the State of Texas and in this District.

7.	Venue is proper in this Court pursuant to 28 U.S.C. §1391.

### III. FACTS

8.	Plaintiff National Driver Training is a very early and preeminent provider throughout the U.S. of driver education through in-person and online classes, courses, and instruction. For many years, Plaintiff has continuously used the mark and name NATIONAL DRIVER TRAINING, and similar variants (the "**Mark**"), to identify its goods and services.

9.	Plaintiff is owner of the following U.S. Federal Trademark Registrations for the Mark:

| Mark | U.S. Trademark Reg. No. | Reg. Date | Status |
|---|---|---|---|
| NATIONAL DRIVER TRAINING | 4,348,805 | June 11, 2013 | Incontestable Registration |
| NATIONAL DRIVER TRAINING (logo) | 4,390,400 | August 27, 2013 | Incontestable Registration |

| | | | |
|---|---|---|---|
| NATIONAL DRIVER TRAINING INSTITUTE | 4,348,806 | June 11, 2013 | Incontestable Registration |

The federal trademark registrations are prima facie evidence of validity and of Plaintiff's exclusive right to use the mark pursuant to 15 U.S.C. § 1115. Each of the registrations has attained "incontestable" status under 15 U.S.C. 1065. Genuine and authentic copies of these U.S. Federal Trademark Registrations are attached as <u>Exhibit 1</u> hereto.

10. Plaintiff's brand, represented by the Mark, is a recognized symbol of high-quality and innovative driver education through in-person and online offerings of goods and services. Plaintiff has expended substantial time, money and other resources in developing, advertising and otherwise promoting its goods and services under the Mark. Goods and services bearing the Mark are widely recognized and exclusively associated by consumers, the public and the trade as being goods and services sourced from Plaintiff.

11. Plaintiff, under the Mark, is licensed in at least 27 states, was instrumental in changing the law in many states including Ohio to allow for on-line instruction, and advertises nationwide except that Plaintiff has been precluded from using its Mark in Ohio because of Defendant.

12. The Mark is distinctive and was distinctive before Defendant commenced use or expanded use of its marks at issue.

13. Plaintiff owns the Internet domain name <u>nationaldrivertraining.com</u>, as well as other variants of that as domain names, that include the Mark.

14. The overwhelming success of Plaintiff's goods and services under the Mark has resulted in counterfeiting by Defendant who unlawfully uses the Mark and goodwill built by Plaintiff.

15. Defendant misleads and deceives the public, and falsely advertises, that is "National" Driver Training. Defendant's goods and services are licensed for only Ohio and it does business only in Ohio and limited to the city of Solon, Ohio. Yet, Defendant proclaims "national" in order to unlawfully compete with Plaintiff, unlawfully gain and benefit from Plaintiff's reputation and goodwill, and create confusion and deception.

16. Defendant has been selling and is continuing to sell or otherwise distribute counterfeit goods and services of Plaintiff in unlawful competition with Plaintiff's goods and services and trading off of Plaintiff's Mark.

17. Defendant has not been licensed or permitted to sell or otherwise distribute goods or services bearing the Mark.

18. Defendant targets consumers in the United States, and has offered to sell and, on information and belief, sold and continues to sell to consumers within the United States, counterfeit goods and services that violate Plaintiff's proprietary and intellectual property rights.

19. Upon information and belief, Defendant facilitates sales of infringing goods and services by employing and benefitting from substantially similar advertising and marketing strategies, channels of trade, and modes of delivery to those of Plaintiff.

20. Long after Plaintiff registered its domain name, Defendant registered the domain name nationaldrivertrainingohio.com to unlawfully benefit from and trade off of the goodwill and reputation of Plaintiff, its Mark, and its domain.

21. Plaintiff has received a number of complaints that are directed to Defendant and Defendant's goods and services, and these complaints were misdirected to Plaintiff although regarding Defendant.

22. Plaintiff suffers, and has suffered, reputation injury because of the complaints misdirected at Plaintiff and, in fact, regarding Defendant and its goods and services.

23. Plaintiff has been and continues to be irreparably harmed through consumer confusion, damage to reputation and goodwill, as well as quality of goods and services bearing the Mark.

24. Plaintiff has no adequate remedy at law to curb the Defendant's infringement and counterfeiting, or to fully protect the Mark.

## IV. CAUSES OF ACTION

### Count 1 – False Advertising (15 U.S.C. § 1125(a)(1)(B)

25. Plaintiff incorporates the foregoing paragraphs 1-24, as if stated verbatim herein.

26. Defendant made a false statement of fact about its services or products in a commercial advertisement.

27. The false statement actually deceived or had the tendency to deceive a substantial segment of its audience.

28. The deception is likely to influence the purchasing decision.

29. Defendant caused the false statement to enter interstate commerce.

30. Plaintiff has been or is likely to be injured as a result of the false statement.

31. Plaintiff has no adequate remedy at law.

32. In addition to damages, Plaintiff is entitled to a preliminary and permanent injunction restraining Defendant from engaging in further false advertising causing irreparable damage to Plaintiff for which it has no adequate remedy at law, and an order of destruction of all of Defendant's infringing goods and services.

33. As a direct and proximate result of the false advertising by Defendant, it has

realized unjust profits, gains and advantages at the expense of Plaintiff. Additionally, Plaintiff has suffered substantial loss and damages to its property and business, including significant monetary damages as a direct and proximate result of Defendant's false advertising. The harm caused by Defendant's unlawful conduct entitles Plaintiff to recovery of all available remedies, including but not limited to actual damages, Defendant's profits, and treble damages.

34. On information and belief, Defendant's acts have been with knowledge of Plaintiff's exclusive rights and goodwill, as well as with willfulness, bad faith and intent to cause confusion, mistake or deception. As such, Defendant's conduct constitutes an exceptional case under 15 U.S.C. § 1117.

35. Plaintiff also seeks the recovery of its reasonable and necessary attorneys' fees.

*Count 2 -- Trademark Infringement and Counterfeiting (15 U.S.C. § 1114):*

36. Plaintiff incorporates the foregoing paragraphs 1-35, as if stated verbatim herein.

37. Plaintiff's Mark is a valid, protectable trademark that has been registered in the United States Patent and Trademark Office.

38. Plaintiff is the owner and registrant of the Mark.

39. Plaintiff's registration of the Mark is incontestable.

40. Defendant, without authorization of Plaintiff, has used the Mark in connection with the marketing, promotion and sale of goods or services in a manner that is likely to cause, and has actually caused, confusion or mistake, or has deceived consumers.

41. Defendant, without authorization of Plaintiff, has created, copied, reproduced, or distributed counterfeit goods and services, and the goods and services are not considered "genuine" within the definition of the Lanham Act.

42. Defendant's counterfeiting and infringing activities are likely to cause and are

actually causing confusion, mistake and deception of consumers, as to the origin, sponsorship or quality of the counterfeit and infringing products and services under the Mark.

43. Defendant is continuing to infringe and counterfeit.

44. Plaintiff has been, and continues to be, damaged by Defendant's infringements and counterfeiting, including by suffering irreparable harm through the diminution of trust and goodwill among Plaintiff's consumers and the loss of brand exclusivity and control over the quality of its goods and services under the Mark.

45. Plaintiff has no adequate remedy at law.

46. In addition to damages, Plaintiff is entitled to a preliminary and permanent injunction restraining Defendant from engaging in further trademark infringement and dilution and cybersquatting causing irreparable damage to Plaintiff for which it has no adequate remedy at law, and an order of destruction of all of Defendant's infringing goods and services.

47. As a direct and proximate result of the infringements and counterfeiting by Defendant, it has realized unjust profits, gains and advantages at the expense of Plaintiff. Additionally, Plaintiff has suffered substantial loss and damages to its property and business, including significant monetary damages as a direct and proximate result of Defendant's infringements and counterfeiting. The harm caused by Defendant's unlawful conduct entitles Plaintiff to recovery of all available remedies, including but not limited to actual damages, Defendant's profits, and treble damages.

48. On information and belief, Defendant's acts have been with knowledge of Plaintiff's exclusive rights and goodwill in the Mark, as well as with willfulness, bad faith and intent to cause confusion, mistake or deception. As such, Defendant's conduct constitutes an exceptional case under 15 U.S.C. § 1117.

49. Plaintiff also seeks the recovery of its reasonable and necessary attorneys' fees.

### Count 3 -- Unfair Competition (15 U.S.C. § 1125(a)):

50. Plaintiff incorporates the foregoing paragraphs 1-49, as if stated verbatim herein.

51. Defendant, without authorization, uses and has used in commerce the Mark, and substantially similar variants, and also makes false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which were and are likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of the Defendant's goods, services, or commercial activities.

52. Defendant is continuing to infringe and commit unfair competition.

53. Plaintiff has been, and continues to be, damaged by Defendant's unlawful conduct, including by suffering irreparable harm through the diminution of trust and goodwill among consumers and Plaintiff's loss of brand exclusivity and control over the quality of its products and services under the Mark.

54. Plaintiff has no adequate remedy at law.

55. In addition to damages, Plaintiff is entitled to a preliminary and permanent injunction restraining Defendant from engaging in further unfair competition causing irreparable damage to Plaintiff for which it has no adequate remedy at law.

56. As a direct and proximate result of Defendant's unlawful conduct, it has realized unjust profits, gains and advantages at the expense of Plaintiff. Additionally, Plaintiff has suffered substantial loss and damages to its property and business, including significant monetary damages as a direct and proximate result of Defendant's conduct. The harm caused by Defendant's unlawful conduct entitles Plaintiff to recovery of all available remedies, including but not limited to actual

damages, infringers' profits, and treble damages.

57. On information and belief, Defendant's acts have been with knowledge of Plaintiff's exclusive rights and goodwill in the Mark, as well as with willfulness, bad faith and intent to unfairly compete. As such, Defendant's conduct constitutes an exceptional case under 15 U.S.C. § 1117.

58. Plaintiff also seeks the recovery of its reasonable and necessary attorneys' fees.

### Count 4 -- Trademark Dilution (15 U.S.C. § 1125(c)):

59. Plaintiff incorporates the foregoing paragraphs 1-58, as if stated verbatim herein.

60. Plaintiff's mark is distinctive.

61. Plaintiff's mark is famous.

62. After Plaintiff's mark became famous, Defendant began use or expansion of use of its mark or name in commerce.

63. Defendant's use is likely to cause dilution by blurring or by tarnishment of Plaintiff's mark.

64. The acts of Defendant complained of herein constitute dilution of the Plaintiff's Mark in violation of 15 U.S.C. § 1125(c).

65. Plaintiff is entitled to an injunction preventing the dilution.

66. Plaintiff is also entitled to remedies set forth in 15 U.S.C. §§ 1117(a) and 1118, including but not limited to actual damages, Defendant's profits, and treble damages, as well as destruction of infringing articles.

67. Plaintiff also seeks the recovery of its reasonable and necessary attorneys' fees.

### Count 5 -- Cybersquatting (15 U.S.C. § 1125(d)):

68. Plaintiff incorporates the foregoing paragraphs 1-67, as if stated verbatim herein.

69. Defendant has a bad faith intent to profit from Plaintiff's Mark.

70. Defendant registered, traffics in, or uses a domain name nationaldrivertrainingohio.com that is identical or confusingly similar to Plaintiff's Mark and prior registered domain name.

71. Defendant registered, traffics in, or uses a domain name that is identical or confusingly similar to or dilutive of Plaintiff's Mark which is famous.

72. In addition to all other remedies, Plaintiff is entitled to transfer to Plaintiff of the infringing domain name nationaldrivertrainingohio.com, or alternately cancellation of the domain name.

73. Plaintiff also seeks the recovery of its reasonable and necessary attorneys' fees.

### *Count 6 -- Common Law Trademark Infringement:*

74. Plaintiff incorporates the foregoing paragraphs 1-73, as if stated verbatim herein.

75. The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

### *Count 7 -- Common Law Unfair Competition:*

76. Plaintiff incorporates the foregoing paragraphs 1-75, as if stated verbatim herein.

77. The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the State of Texas.

### *Count 8 -- Dilution under Texas Law:*

78. Plaintiff incorporates the foregoing paragraphs 1-77, as if stated verbatim herein.

79. The acts of Defendant complained of herein constitute dilution of the Plaintiff's Mark in violation of Texas Bus. & Comm. Code § 16.103.

## V. **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, NDTI, Inc. and National Driver Training, Inc., each d/b/a NATIONAL DRIVER TRAINING, ask that they be awarded a judgment against Defendants, joint and severally, for the following:

1. Holding Defendant liable for its unlawful false advertising;

2. Holding Defendant liable for its unlawful conduct, including but not limited to its infringement of Plaintiff's trademarks set forth above;

3. Holding Defendant as a willful infringer of Plaintiff's trademarks as set forth above;

4. Holding Defendant liable for unfair competition as set forth above;

5. Holding Defendant liable as a cybersquatter as set forth above;

6. Preliminarily and Permanently enjoining Defendant, its affiliates, officers, agents, servants, employees, attorneys, representatives, and all persons acting for, with, by, through, under, or in active concert with them, from:

    (a) false advertising, including falsely advertising as "National" Driver Training, as set forth above;

    (b) infringing or diluting Plaintiff's trademarks as set forth above;

    (c) passing off, inducing, or enabling others to sell or pass off any product or service as those of Plaintiff;

    (d) committing any acts calculated to cause or that cause consumers to believe that Defendant's counterfeit of Plaintiff's products or services are sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

    (e) otherwise competing unfairly with Plaintiff in any manner;

7. Ordering Defendant, within fourteen (14) days after service of judgment with notice of

entry thereof upon them, be required to file with the Court and serve on Plaintiff a written report under oath setting forth in detail the manner and form in which Defendant, and each of them, have complied with paragraph 6, (a) through (d) above;

8. Ordering that Defendant and those in privity with Defendant provide notice of the injunction to, and take action to remove from and do remove from, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for Defendants' domain names, and domain name registrars, Plaintiff's trademarks and all similar variations thereof, including to:

   (a) disable and cease obtaining services for any accounts through which Defendant, or any of them, engage in false advertising of "National" Driver Training;

   (b) disable and cease obtaining services for any accounts through which Defendant, or any of them, engage in the sale of counterfeit products or services of Plaintiff, or using Plaintiff's trademarks;

   (c) disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of counterfeit products or services of Plaintiff, or using Plaintiff's trademarks;

   (d) freeze and cease receiving any and all disbursements of funds from any and all accounts through which Defendant engages in the sale of counterfeit products or services of Plaintiff, or using Plaintiff's trademarks;

   (e) provide all transaction related information necessary to match the Defendant seller account information associated with Defendant to its payment accounts, including but not limited to credit card accounts and processors, PayPal accounts, and other commerce actors on behalf of Defendant; and

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                             13

  (f) notify the Ohio authorities responsible for registration or licensing of driver education services to take down all indications of "National" Driver Training employed by Defendant, or any of them, and to take all actions to remove such listings from Ohio state records;

9. Ordering that the nationaldrivertrainingohio.com domain name is transferred to Plaintiff;

10. Awarding Plaintiff its actual damages and all profits of Defendants, joint and severally, by reason of Defendant's unlawful acts, and that such amount be increased by a sum not exceeding three times the amount thereof;

11. Require a full accounting under supervision of the Court of all profits, income, receipts and other benefits derived by Defendants as result of their unlawful conduct;

12. Awarding Plaintiff prejudgment and post-judgment interest;

13. Awarding Plaintiff costs of court;

14. Awarding Plaintiff reasonable and necessary attorneys' fees; and

15. Awarding all other relief, whether general or special, at law or in equity to which Plaintiff is entitled.

Respectfully submitted,

*/s/H. Dale Langley, Jr./*
H. Dale Langley, Jr.
The Law Firm of H. Dale Langley, Jr., PC
Texas Bar No. 11918100
Matthew J. Booth (of counsel)
Matthew J. Booth, PC
Texas Bar No. 02648300
1803 West Avenue
Austin, TX 78701
Telephone: (512) 477-3830
Fax: (866) 735-9129
dlangley@iptechlaw.com
matthew.booth@boothlaw.com

**ATTORNEYS FOR PLAINTIFF
NATIONAL DRIVER TRAINING, INC. AND
NDTI, INC.**